Smith et al. *v.* Doe, ex dem. Otley.

ADAM Y. SMITH et al. *v.* DOE, ex dem. J. K. OTLEY.

The payment of a debt secured by a deed in trust, without an entry of release or satisfaction of record, or a reconveyance, does not reinvest the grantor with the legal title. *Wolf* v. *Dowell*, 13 S. & M. 108.

Where both parties to an action claim title to property through the same per-son, as a general principle, the defendant is estopped to deny the title of that person; and this rule applies with full force if the party estopped be defend-ant in the execution, or one between whom and the defendant in execution there is privity of estate and of possession by contract, or the relation of land-lord and tenant exists.

But where strangers are concerned, this rule applies to a limited extent. A stranger may show that the debtor's interest was not susceptible of sale under execution, so as to convey a legal title to the plaintiff.

*Held*, the rule cannot apply where the plaintiff in ejectment shows that he has not the legal title, by reason of the existence of an incumbrance.

IN error from the circuit court of Lowndes county; Hon. F. M. Rogers, judge.

The opinion of the court contains a sufficient statement of the material facts of the case upon which the decision is based.

Several grounds of error were assigned by the appellant, the chief of which is, that Hill had no such interest in the property as could be sold under execution.

*Evans* for appellants.

The deed from the trustee to Francis B. Clark, and the two deeds in trust executed by Hill, were introduced by the plaintiff

himself; and thus the plaintiff attempts to set up the defence of defendants, and to forbid them from showing any other defence. The plaintiff does not rely upon prior possession, but on his paper title; and not having such a title as is good against the world, endeavors to show that defendant's title is worse than his.

The elder legal title prevails; an elder equitable title cannot be given in evidence. 2 Bibb, 129; 3 S. & M. 37; 5 Ib. 321; 2 Johns. 221.

The defendant may defeat the action by proving a subsisting title out of the plaintiff, although not in himself. 1 Marsh. 251; 2 Litt. 160; 3 Ib. 36.

An outstanding title defeats a recovery, though the defendant does not claim under that title. *Jackson* v. *Harrington*, 9 Cow. 86.

In all cases where it is necessary for the plaintiff to show any title at all, he must show a legal title. There is no exception to this rule. Otley's title was at best only an equitable title, which cannot be given in evidence in this action, neither for plaintiff nor defendant. 2 Johns. 221; 2 Bibb, 129, and other authorities cited above; 8 Cow. 543; 8 Johns. 487; 2 Ham. 263.

The plaintiff predicates his case upon his paper title, and not upon his prior possession. Suppose, however, that he should attempt to show his right to possession. He cannot do it by showing an equitable title.

The legal, and not the equitable title, draws to it possession. As to equitable titles, however, the defendants show the first and best equity, and the possession.

Otley, the lessor, cannot claim more than he purchased; and his purchase was of such title as Hill had on the 30th day of September, 1838; on which day Hill had no interest, not even an equity.

*Harris* and *Harrison* for appellee.

Plaintiff claims title to the property in dispute under a judgment to enforce the mechanics' lien law of 1840.

That act extends the lien first to the building and materials,

Smith et al. *v.* Doe, ex dem. Otley.

and declares that these shall not be subject to any other lien whatsoever, until the mechanics' lien has been cancelled. Hutch. & How. Dig. 627, §§ 1, 2, 8.

In case of no other lien at the time of making the contract, the lot of ground, or the term of the lessor (if it is leasehold estate) to be equally subject to the lien. Hutch. & How. Dig. 627, §§ 1, 2.

To enforce the lien, suit must be commenced within twelve months from the time payment should have been made under the contract, or the contract recorded. Hutch. & How. 627, §§ 1, 2; Ib. 628, §§ 3–5.

The time of making the contract is the date of the commencement of the lien. Hutch. & How. 627, 628, § 8.

Plaintiff's title is referable to the date of the contract for lumber between Hill and Symonds, which was in March, 1847. 7 How. 131; Ib. 74.

The defendants (plaintiffs in error), so far as they set up any title in themselves, derive it from the same common source, (Greene Hill,) by two deeds of trust, the elder executed in June, 1847.

As between the respective titles, therefore, the plaintiff's (defendant in error) being the oldest and best, and a perfect title, as against Greene Hill and those claiming under him, they are entitled to a recovery.

When both parties claim under the same person, they are privies in estate, and cannot, as such, deny his title; therefore, where in ejectment it appeared that the defendant had accepted a deed from the same person under whom the plaintiff claimed, he was estopped to deny title in this person. 2 Murph. 251; *Murphy* v. *Barnett*, 11 S. & M. 327; 3 Wash. C. C. R. 546; 1 Overt. 286; 3 Watts, 223; 7 S. & M. 230; 9 Ohio, 19; 4 How. 267; 3 S. & M. 114; 6 Ohio, 42; 6 How. 87; 8 Ohio, 87.

As against defendant in execution, the debtor's estate is vested by sale in the purchaser at the sheriff's sale, and the plaintiff must recover on the strength of his own title in ejectment, either as in itself good, or good by way of estoppel. *Duncan* v. *Duncan*, 8 Ired. 318, 319; *Gorham* v. *Brenon*, 2 Dev. Law R. 174; *Thompson* v. *Hodges*, 2 Murph. 546.

25 *

Smith et al. *v.* Doe, ex dem. Otley.

One claiming title under a party who is estopped to deny the title of the plaintiff, is also bound by that estoppel.

He who claims by estoppel is, as to those estopped, in the constructive possession of the land, and may maintain trespass. 2 Dev. Law R. 117; 2 Dev. & Bat. Law R. 157.

One bound by estoppel cannot prove a superior title in a stranger, unless the court is satisfied that at the time he entered he did not claim title under the deed by which he is estopped. *Sykes* v. *Boswight*, 2 Dev. & Bat. Law R. 157.

If the defendant set up no title except that of the judgment debtor, the plaintiff is not required to prove the nature of the judgment debtor's title. If he can establish that title to be in himself, he is entitled to recover. *Doe, ex dem., &c.* v. *Prichard*, 11 S. & M. 327.

A defendant in execution cannot himself set up an outstanding title in another, so as to defeat a purchaser of his interest at sheriff's sale. *Robinson* v. *Parker*, 3 S. & M. 114; 2 Port. 480; *Avent* v. *Reed*, 1 Rawl. R. 223; *Arnold et al.* v. *Governor et al.* 4 Cow. 594; *Jackson et al.* v. *Town*, 3 Caines, 188.

Neither can a defendant, after a judgment lien attaches on his estate, transfer the possession, so as to vest a third party with greater rights than he possessed, or so as to defeat a purchaser at execution sale under an older lien of a recovery, by setting up an outstanding title in a third party, which the defendant in execution himself could not have done. *Jackson et al.* v. *Bush*, 10 Johns. R. 223; *Jackson et al.* v. *Stewart*, 6 Ib. 34; *Jackson et al.* v. *De Watts*, 7 Ib. 157; *Jackson et al.* v. *Hayden*, 4 Ib. 202.

When the defendants in ejectment came into possession, or the tenants of the person as whose property the land was sold by the sheriff, under a judgment confessed by him, they cannot set up as a defence a mortgage and release of the equity of redemption given to one of them by the defendant in the judgment. 14 Serg. & Rawle, 153.

The acceptance of a deed from Hill by each of the parties in this suit, although an acknowledgment that Hill had title from some source, is not an acknowledgment that Hill derived his title from Malone, who executed the trust deed to Banks, or

Smith et al. *v.* Doe, ex dem. Otley.

that Malone himself ever had a title to the property, or that the trust deed from Malone to Banks conveyed any title whatever, either legal or equitable; the title attempted to be set up, therefore, cannot be good against the defendants in error by way of estoppel.

The deed providing for its own destruction and determination, a reconveyance is not necessary; nor is our statute, requiring entry on record, applicable.    See Tucker's Lectures.

If the deed became void, upon the happening of a specified event, nothing could remain in the grantee to reconvey.   This is the result of the contract itself.

From these positions, it inevitably follows that the trust deed from Malone to Stewart, dated in July, 1847, must be regarded as satisfied anterior to the sale under it by Topp, and could not, therefore, be the foundation of title.   The plaintiffs in error are, therefore, without title in themselves.

Having failed to show title in themselves, or an outstanding title in another, of which they could avail themselves, the plaintiffs in error, we think, must yield their possession to defendants in error under their purchase at sheriff's sale.

We will only add, that the claim we represent is a favored one in law, the mechanics' lien.   *Buck* v. *Bryan*, 2 How. 881.

Complaint is made of the instructions of the court below; but they must be taken in connection with the whole record, and we see no such error as entitles the plaintiffs in error to a reversal of the cause.

Besides, it is not every refusal to state legal principles to a jury, or even every erroneous charge, which will be decided to be error.   And a verdict will not be set aside on account of instructions, if right upon the law and the facts.   13 S. & M. 582; Ib. 540; 2 How. 143; Ib. 388; 4 S. & M. 193; 10 Ib. 507; 12 Ib. 669.

Mr. Justice HANDY delivered the opinion of the court.

The defendant in error brought ejectment in Lowndes circuit court, against the plaintiffs in error, for certain real estate in the town of Columbus, which he claimed as purchaser at sheriff's sale, under an execution against one Greene Hill.

On the trial below, the plaintiff's lessor, to support his title, offered in evidence a petition, proceedings, decree, and execution, at the suit of one Symons against Hill, to enforce a mechanics' lien upon the premises, for lumber, &c., furnished to Hill, for the erection of the buildings thereon. The petition was filed 8th September, 1848, praying for a judgment for the amount due on a note given for the lumber, dated 27th March, 1848. The decree was rendered 30th September, 1848, and the sheriff's sale to the plaintiff's lessor, made 5th February, 1849. He also offered a deed in trust, executed on the 1st June, 1847, by Hill, to one Stewart, trustee, for the benefit of one Malone, and to secure a debt due to Malone; also a deed in trust between the same parties, for the benefit of Haviland, Clark, & Company, dated 2d May, 1848; also a deed for the premises from a trustee, under said trust deed, duly substituted for Stewart, the original trustee, to one Francis B. Clark, dated 25th September, 1849. He also proved the contract for the lumber which originated in 1847, the settlement of mutual accounts between Symons and Hill in March, 1848, and the execution of the note above mentioned, for the balance due Symons. He also proved a tender, before the institution of this suit, to the proper party, of the money due under the trust deed of 1st June, 1847, and a refusal to receive it; and on this evidence the plaintiff rested his case.

The defendants then offered in evidence a deed from one Winston to Malone, for the premises, dated 4th March, 1846; a deed in trust from Malone to one Banks, trustee, for the benefit of Winston for the premises, and of the same date; also a deed from Malone to Hill, for the same premises, dated 1st June, 1847; and proved by Malone, that he bought the land from Winston, and executed the deed to Banks at the same time for the purpose of securing the purchase-money, of which $800 was still due; that Malone afterwards conveyed to Hill, who at the same time executed the trust deed to Stewart, dated 1st June, 1847, to secure the purchase-money, and Haviland, Clark, & Company paid Malone the balance due on that deed, and took an assignment of it from him; and that on the 4th May, 1848, Hill gave up the possession of the premises to the defend-

Smith et al. *v.* Doe, ex dem. Otley.

ant Topp, agent for Haviland, Clark, & Company, in payment of the debts due on the deeds in trust above mentioned.

Upon this state of evidence, the case is presented for our determination as to right of the plaintiff's lessor to recover in ejectment.

It is undoubtedly true that the plaintiff could not recover unless he showed the legal title to the premises to be in himself. The first question, therefore, is, was there any evidence to that effect? The title was claimed through Hill, and what does the record show to have been the condition of Hill's title when the lien, under which the plaintiff purchased, attached?

It appears by the plaintiff's own showing, in the process of proving his title, that the only connection of Hill with the premises, was a deed of trust executed by him, dated 1st June, 1847, for the benefit of Malone. Upon its face, this evidence was an insurmountable obstacle to his recovery, unless that deed was a lien of date junior to the mechanics' lien under which the plaintiff claims. What, then, was the date of the mechanics' lien? The date of the contract from which that lien is derived, must be considered to be the date of the note described in the petition as the foundation of the claim. "The nature of the contract," which the statute requires to be stated in the petition setting up the lien, so far as its date is concerned, does not sufficiently appear otherwise than by the note; and the transaction as to the lumber contract referred to in the petition, seems to have been indefinite until it was reduced to form and certainty by the execution of the note on account of it, in March, 1848. This must be considered the date of the contract, whether tested by the conduct of the parties in reducing it to writing and the circumstances attending the transaction, or by the claim of the petition setting up the note as the evidence of the lien. The deed in trust of 1st June, 1847, then, had priority to the mechanics' lien.

To obviate this, the plaintiff undertook to show a discharge of this deed, by proving that the money intended to be secured by it was tendered by the plaintiff, before bringing this suit, to the party entitled to receive it, and was refused; and it is urged that this was in law a satisfaction of the deed and a discharge

Smith et al. *v.* Doe, ex dem. Otley.

of the incumbrance to the legal title. But it has been expressly held by this court, that payment of the debt secured by a deed in trust, without an entry of release or satisfaction of record, or a reconveyance, does not reinvest the grantor with the legal title, and that if there has not been such entry of release or satisfaction, nor a reconveyance, the purchaser of the interest of the grantor gets but an equity which must be enforced in chancery, because the title of the trustee in such case, though but a naked legal title, is outstanding. *Wolfe* v. *Dowell's Lessee*, 13 S. & M. 108, 109.

Then, if the case had rested here, it is clear that the action could not have been maintained upon the plaintiff's case as made by himself. Did the evidence of the defendants supply the deficiency? Nothing is shown having that effect. It is insisted that both parties claimed title from the same source, Hill; and that, when both parties claim through the same person, the defendant is estopped to deny the title of that person. This is doubtless true to certain intents, as a general proposition, and it applies with full force where the party estopped is the defendant in execution, or one between whom and the defendant in execution there is privity of estate and of possession by contract, or the relation of landlord and tenant. 10 J. R. 223; 7 Ib. 157; 6 Ib. 34; 3 S. & M. 118; 1 A. K. Marsh. 245. But where strangers are concerned, the rule applies to a limited extent only, and, probably, no further than that; the plaintiff is not required, in the first instance, to show more than the title under which both parties claim. Therefore the defendant, a stranger, may set up title adverse to such person, because of an incumbrance; he may have the title of the incumbrancer as well as that of the debtor, 13 S. & M. 110. If this were not true, a defendant in ejectment (other than the defendant in execution, or a person in possession by privity with him) claiming title from two persons, under one of whom the defendant also claimed, and the defendant's title from that source being defective, would be precluded from setting up his valid title derived from the other source. Above all, a stranger may show that the debtor's interest was not susceptible of sale under execution, so as to convey the legal title to the plaintiff. *A fortiori* the

rule cannot apply, when the plaintiff in ejectment shows that he has not the legal title, by reason of the existence of an incumbrance ; for in all cases where the rule can have any application, it is incumbent on the plaintiff at least to show that the party had such an estate as was capable of being sold, otherwise the plaintiff cannot have acquired the legal title which is indispensable to such an action.

This view of the case renders it unnecessary to consider in detail the several other questions raised in the court below and argued here. The judgment of that court was founded on a view of the law essentially different from what we think are the true principles governing the case, as it was presented in that court.

The judgment is reversed, and the case remanded for a new trial.