## Thomas G. Tucker vs. Catharine F. Field.

1. Mortgage by Husband: *Effect thereof on dower.*
A mortgage in fee executed by the husband during coverture, in good faith, to secure a debt, is a conveyance for a valuable consideration within, and imposes an incumbrance upon the estate to which dower is subordinate. This applies with equal force to a deed in trust.

2. DEEDS:  *Uncertainty of description of land.  Parol evidence.*
Where land is described by a general name or designation, the deed is not
necessarily void for uncertainty.  It is competent to show by extrinsic
evidence what particular lands are embraced by the general designation

APPEAL from the Chancery Court of *Lee* County.

Hon. O. H. WHITFIELD, Chancellor.

The facts in this case are very fully set forth in the opinion of
the court.

It is assigned for error, that "the court erred in sustaining the
demurrer of defendant to complainants bill of complaint."

*I. N. Carlisle,* for appellant :

The description of the land is sufficient.  Nixon's Heirs *v.* Carco's
Heirs, 28 Miss., 426 ; 1 Story Eq., §§ 168, 169.    Parol evidence
is admissible.  McGuire *v.* Stevens, 42 Miss., 731 ; Nixon *v.* Porter,
34 id., 707 ;  Carmichael *v.* Foley, 1 How., 591 ;  Peacher *v.*
Strauss, 47 Miss., 353.    Uncertain descriptions are even held
good.    Hazlip *v.* Noland, 6 S. & M., 294 ; Harmon *v.* James,
7 id., 111 ;  McCaleb *v.* Pradat, 3 Cush., 257 ;  Whitworth *v.*
Harris, 40 Miss., 483–8.    Courts of equity will correct erroneous
deeds.    3 Dess. (So. Car.) Eq., 84 ; 1 Harper (So. Car.) Eq., 44.
Where the wife has separate property at the time of her husband's
death, she takes dower.    See Code 1857, pp. 337, 467, 468, 469 ;
Code 1871, § 1286.    She has no dower interest in lands conveyed
in good faith.    Jiggitts *v.* Jiggitts, 40 Miss., 718.    Where she
has separate estate, she has no dower.    Code 1857, pp. 337, 470 ;
Whitley *v.* Stephenson, 38 Miss., 113 ; Magee *v.* Young, 40 id., 164.
We were not parties to the proceeding for dower.    Wooldridge
*v.* Wilkins, 3 How., 360 ;  Markham *v.* Merrett, 7 id., 437 ;
Magee *v.* Mellon, 23 Miss., 585.    Property mortgaged in the
husband's lifetime.    Scribner on Dower, vol. I, pp. 591, 592, §§
23, 24 ; 3 Am. Rep., 387.

*Houston & Reynolds,* for appellee, filed an elaborate brief, citing
and commenting on the following authorities :  Brooms L. M.,
584 ; Brown *v.* Guice, 46 Miss., 302 ;  Boardman *v.* Reed, 6 Peters,
346 ; Holley *v.* Curtis, 3 How., 234 ; Hazlip *v.* Noland, 6 S. &

M., 694; McCaleb *v.* Pradatt, 25 Miss., 257; Whitworth *v.* Harris, 40 id., 483, 484; Harmon *v.* James, 7 S. & M., 111; Nixon *v.* Porter, 34 Miss., 707; McGuire *v.* Stevens, 42 id., 731; Hanna *v.* Renfro, 32 id., 125. And commented extensively on the facts in the case.

PEYTON, C. J., delivered the opinion of the court.

On the 21st day of January, 1861, Thomas Goode Tucker loaned to one Charles G. Field eleven thousand dollars, as evidenced by his writing obligatory to that date. To secure the payment of which, the said Charles G. Field executed at the same time a deed of trust on a certain tract of land lying in Itawamba county, in this state, containing one hundred and sixty acres, known and designated as the Hill tract, situated on Chiwappa creek, in said county, with a more particular description of section, township and range; and on three other tracts or parcels of land lying in Pontotoc county, in said state; one for one hundred and sixty acres, known as the Vaughan tract; another known as the Price tract, containing two hundred and sixty acres; and the third known as the Turner tract of fifty-seven and half acres, with a more particular description of section, township and range.

These lands were sold by the trustee under the deed of trust on the 30th day of December, 1867, and purchased by the said Thomas Goode Tucker, to whom a conveyance was made of said lands by the general description as contained in the deed of trust, omitting the more specific description thereof.

The said Charles G. Field departed this life on the 13th day of March, 1868, leaving Catharine F. Field, his widow, to whom dower was assigned in said lands on the 2d day of September, 1872.

In 1873, the said Thomas G. Tucker filed his bill in chancery against the said Catharine F. Field, to remove the cloud alleged to have been created upon his title, by the assignment of dower in said lands as aforesaid. To this bill of complaint the demurrer of the defendant was sustained, and the bill dismissed; and hence the case comes to this court.

In the view we take of this case, there are but two questions presented by this record for our consideration : First, as to the effect of the conveyances to Thomas G. Tucker upon the dower of Catharine F. Field. Second, as to the sufficiency of the description of the lands in the deeds of conveyance to said Tucker.

With respect to the first question; it has been decided by this court in the case of Pickett v. Buckner et al., 45 Miss., 226, that a mortgage in fee, executed by the husband during coverture in good faith to secure a debt, is a conveyance for a valuable consideration within the statute, and imposes an incumbrance upon the estate, to which the dower of the widow is subordinate. This applies with equal force to a deed of trust. By the sale and conveyance of the lands under the deed of trust in the lifetime of Charles G. Field, an absolute fee simple estate passed to the purchaser, which defeated the widow's right to dower, provided the lands were sufficiently described in the deed of conveyance by the trustee to the purchaser at the sale under the deed of trust. And this brings us to the consideration of the second question, as to the sufficiency of the description of the lands in the deed of trust to the plaintiff in error. If the meaning of the instrument, by itself, is affected with uncertainty, the intention of the parties may be ascertained by extrinsic testimony. 2 Parsons on Contracts, 564.

Where subject of a devise was described by reference to some extrinsic fact, it was not merely competent but necessary to admit extrinsic evidence to ascertain the fact, and through that medium, to ascertain the subject of devise. Bingham on Sales of Real Property, 423. Any description of lands, however general and indefinite, which is capable of being made practically certain by other evidence, is sufficient. Ryerss et al. v. Wheeler, 22 Wend., 148 ; Bingham on Sales, 422. *Id certum est, quod certum redde potest.* Land known by the name of " Mill Spot," may be explained by parol evidence of what the " Mill Spot " was commonly reputed to include at and before the time of the execution

of the deed.   Woods *v.* Sawin, 4 Gray, 322 ; 1 Sugden on Vendors, 258–9, in note O.

In a recent case in North Carolina, Cherry *v.* Long, Phillips' Law, 466, an auctioneer's clerk described the land in the memorandum sale as " Rayner Tract," which was proved to be a well known designation of the land in question.   It was held to be a sufficient note in writing of the contract of sale within the statute of frauds.   Bingham on Sales, 426.

When the testatrix had devised all her " Britton Ferry Estate," and all her " Penlline Castle Estate," evidence was admitted of the declarations of the testatrix, and those of her agent, as to what parcels of land were comprehended under those names. Bingham on Sales, 424.

When there is a devise of the estate purchased of A., or of a farm in the occupation of B., nobody can tell what is given till it is shown by extrinsic evidence what estate it was that was purchased of A., or what farm was in the occupation of B.   Such evidence is only to ascertain what is included in the devise or in the description of the thing devised.   So in regard to descriptions of real property sold.

We think that extrinsic evidence was clearly admissible to show what lands were conveyed under the general designations thereof, as contained in the trustee's deed of conveyance to the plaintiff, which shows such an interest in the land in controversy as to enable him to maintain his suit until a final hearing upon the merits.   The court erred, therefore, in sustaining the demurrer and dismissing the bill.

The decree is reversed, the demurrer overruled and the cause remanded with leave to the defendant to answer the bill within forty days from this date.