FRANK B. SMITH *v.* JAMES M. CUNNINGHAM ET AL.

1. DOWER.    *Chose in action.    Unassigned.*

Under the laws of this state in force in 1853, unassigned dower in the lands of a deceased husband was not a chose in action which vested in the second husband of the dowress when he went upon the lands as her husband.

2. SAME.    *Possession of widow.*

Under the laws of this state formerly in force where a wife lived with her husband on his lands and merely continued after the death of her husband to live thereon with his children, her occupancy thereof, after his death and before the allotment of dower, was not adverse to the children.

FROM the chancery court of Yazoo county.

HON. HENRY C. CONN, Chancellor.

Cunningham and others, appellees, were complainants in the court below; Smith, appellant, was defendant there.    The suit was one to remove clouds from the titles to lands.    From a decree in favor of the complainants the defendant appealed to the supreme court.

Appellees claimed title to the land in controversy by inheritance from their father, M. R. Cunningham, and contend that their father, in 1843, acquired the land by deed from one Wyatt Smith, who acquired the same from one Brittain Smith, the patentee from the United States government; that soon

after the acquisition of the land by their father, he, with their mother, moved on the same, and improved it by erecting a dwelling on it, cultivating it, and that they were in open and notorious possession of it, and claimed it as the land of their father; that their father died in 1852, and that complainants, with their mother, continued to occupy the land as a homestead until the marriage of their mother to said Brittain Smith, the father of appellant, in 1854; that after the marriage of their mother to Brittain Smith she removed from the land, but continued to exercise ownership over the same by renting it, keeping the place in repair, and paying the taxes thereon; that the exercise of ownership was made with the knowledge of Brittain Smith, who never claimed the land after the marriage with complainants' mother, or after the deed made to their father by Wyatt Smith; that in 1865 Brittain Smith died, and that their mother moved back on the land, and continued to. live on the same, claiming it under the deed to their father, until her death, in 1897; that the title to said land was never in their mother, and the only interest which she had was a dower interest, which, under the laws in force at the time of their father's death, amounted to only one-third interest for life, and upon her death the same reverted to complainants. Appellant claims title to the land through his father, Brittain Smith, and by adverse possession for more than ten years. Appellant's contention is that his father, Brittain Smith, was the holder of the record title as patentee from 1843 till his death, in 1863; that his father, personally or through children or widow, has been in possession from issuance of patent till the beginning of this suit, except for the short interval of a few years while Cunningham occupied it. The opinion contains a further statement of the facts.

*Campbell & George* and *Noel & Pepper*, for appellant.

This being a suit by the appellees to cancel as a cloud the title held and asserted by appellant, of course, the appellees must

show a perfect legal or a perfect equitable title in the lands. This they undertake to do in two ways.

1. They undertook to establish the existence and prove the contents of a lost deed conveying the lands to their ancestor, Cunningham. It is well settled in law that to establish a lost deed the former existence and due execution, sealing, and delivery of the same must be proven to the satisfaction of the court, and the burden of proof is upon the party claiming under the lost instrument. 13 Am. & Eng. Enc. L. (1st ed.), 1088 ; *Edwards* v. *Noyes*, 66 N. Y., 125 ; *Snider* v. *Kennedy*, 56 Wis., 249. We confidently submit to the court that the testimony in this case falls far short of establishing the former existence of the asserted deed. It does not prove its execution, sealing or delivery, or the loss of the same. The contents of the deed are not sufficiently proven to form the basis for a judicial adjudication in favor of appellees. All that was proven was mere hearsay; it was indefinite and uncertain, and all of the appellant's evidence on the subject should have been excluded by the court below. *Potts* v. *Coleman* (Ala.), 5 So. Rep., 780; *Logan* v. *Garner*, 20 Ala., 625; *McBurney* v. *Cutter*, 18 Barb. (N. Y.), 203; *Wakefield* v. *May*, 41 Minn., 344, (s. c. 43 N. W. Rep., 71). These authorities establish beyond any controversy that the due execution of a lost deed must be first proven, and that the evidence must be clear and certain. Clear and certain evidence, we confidently assert, was not produced in this case to show the execution of the lost instrument or its contents.

2. The appellees (complainants) further sought to show title in themselves by adverse possession, but this, we confidently assert, they failed to do. The record title to the land was in Brittain Smith, the ancestor of appellants. He is not shown to have ever parted with the title. It is true that Cunningham and his wife were in possession of the land at one time, and that Cunningham died in its possession, but it is further shown that Cunningham never paid for the land, and that

shortly thereafter the widow of Cunningham married Brittain Smith, the patentee, who had title, and thereafter the title was in the possession of Brittain Smith, and his possession will be referred to his title. It may be said that the widow of Cunningham had a dower interest in the land, but it was a chose in action which inured to her subsequent husband (Brittain Smith) when he married her, and this life estate became vested in Brittain Smith when he married the doweress, and he became thereby invested with the dower interest as well as the reversion, which was never out of him. There is nothing in the law of dower, as formerly administered in this state, adverse to the interest of Brittain Smith. Cunningham's wife could not have dower in the land at the date of his death unless Cunningham had a deed to the land, and as the testimony fails to show such title, there is nothing in the law of dower that cuts any figure in this case. The testimony is wholly insufficient to show title in the appellees, either by lost deeds or by adverse possession.

*Barnett & Perrin,* for appellees.

It is shown satisfactorily that Cunningham, the ancestor of the appellees, was in possession of the land in controversy for at least four years before he died, and he died in 1853; that he occupied the land as apparent owner—built houses upon it and cultivated it. Several of his children were born on it, and his family continued to live on it after his death, and only removed from it when his widow married Brittain Smith, and she, until her death in 1897, exercised control of the premises. It, further, appears that some sort of conveyance or deed was made to Cunningham by Wyatt Smith in 1848 or 1849. It was prepared by witness, Bell, and Wyatt Smith is shown to have stated, after Cunningham's death, that he had paid for the land.

Now, when Cunningham died, his widow and children were left in possession of the land. The widow was entitled to

dower, and her possession was subordinate to the rights of her deceased husband's children. It is manifest from the evidence that the widow of Cunningham recognized the property as belonging to the children until her extreme old age, when she conceived the idea of obscuring their title, that Smith's children might assert a claim to the premises, and it is further manifest from the evidence that she destroyed a deed, which was almost conclusively proven to have been the deed under which Cunningham acquired title to the land. As between those occupying parental and filial, or quasi parental and filial relations, the possession of one is presumed to be permissive and not adverse to the other. 1 Am. & Eng. Enc. L. (2d ed.), 821; *Davis* v. *Bomar*, 56 Miss., 756; *Allen* v. *West*, 5 Wis., 202.

So we insist that the complainants have sufficiently established their title to the land, not only by proof of the lost deed, but also by adverse possession. On the subject of dower, we refer the court to *Randolph* v. *Doss*, 3 How. (Miss.), 205; *Torrence* v. *Carbry*, 27 Miss., 697. If, however, it be true that technically the widow of Cunningham had no dower in the land, yet her attitude to the land would be that of a tenant at sufferance, and her possession not adverse, but permissive. *Alpine, etc.,* v. *Ratsche,* 29 L. R. A. (Mich.), 576; Woods on Landlord and Tenant, sec. 7; *Harvey* v. *Briggs,* 68 Miss., 60.

Argued orally by *T. H. Campbell,* for appellant.

CALHOON, J., delivered the opinion of the court.

Cunningham went into possession and performed every act characterizing ownership, and it was known as his land, and so called. He had some sort of claim by written instrument from Wyatt Smith. Brittain Smith recognized this, and claimed to have paid Wyatt a balance due on it from Cunningham, saying he had done it for his wife, who was Cunningham's widow. This payment, of course, simply inured to the benefit of Cunningham's heirs. If Brittain Smith desired to regard it as a lien

on the land, he should have taken an assignment, and seasonably asserted it as a debt.    Cunningham lived on the property about four years, and died in possession of it, leaving his widow and children living on it.    No dower was ever allotted to her during her life.    She subsequently married Brittain Smith, and she survived him.    If she was entitled to dower when Cunningham died, in 1853, it will not do to say that it was merely a chose in action, and became the property of her next husband, Smith, when he went on the property as her husband.    Even if under the law as it then existed, dower was such a chose in action as vested in the husband on his reducing it into possession, this cannot occur before its allotment.    *Wallis* v. *Smith's Heirs*, 2 Smed. & M., 225.    Here dower was never allotted.    The widow and children simply remained on the property, and there never was any possession by the widow hostile to her Cunningham children.    On the contrary, she recognized their right, but wanted her Smith children to have a share, and destroyed a deed in the confessed effort to accomplish this.    Clearly, her occupation of the premises commenced in subordination to Cunningham's title, whatever that was, and it is not shown that it ever assumed an adversary character.    *Rothschild* v. *Hatch*, 54 Miss., 554; *Harvey* v. *Briggs*, 68 Miss., 60; 8 South, 274; 10 L. R. A., 62; *Pickett* v. *Buckner*, 45 Miss., 246.

*Affirmed.*