TURNER *v.* BELL *et al.*[*]

(Division B. Oct. 25, 1926.)

[109 So. 794. No. 25839.]

VENDOR AND PURCHASER.

> Recorded deed of trust by grantee of standing timber is unrecorded deed from record owner thereof is not notice to, and does not put on inquiry, subsequent purchaser from same record owner.

---

[*]Corpus Juris-Cyc References: Vendor and Purchaser, 39Cyc, p. 1729, n. 88.

APPEAL from chancery court of Yalobusha county, Second district.

HON. J. G. McGOWEN, Chancellor.

Suit by T. A. Turner against V. M. Bell and others. From adverse decree, plaintiff appeals. Reversed and decree rendered.

*Stone & Stone,* for appellant.

There is one single point in this case. As a matter of fact, Hyde had given a deed to Burgess for the timber but this deed was never put on record and the court finds in the decree that Turner had no actual notice. There is the single question as to whether or not constructive notice can be predicated of a deed of trust from Burgess to the Merl Lumber Company, which was on record. We held that this could not be constructive notice because one looking over the records would not find where Hyde had conveyed anything and there being no sectional index or anything of the sort in this county, it would have been impossible for Turner to gain notice of this deed of trust unless he had not only looked at the index to the instruments, but had read every deed of trust to see whether or not the southwestern one-fourth of section twenty-three appeared in any deed of trust.

The claim of actual notice is disposed of in the decree of the court as that included the finding on the question of fact in favor of the appellant.

The chancellor's holding would require every man before purchasing property in Yalobusha county to make a complete abstract of every deed of trust for many years to ascertain not only whether the owner of the land he proposed to buy had ever conveyed or encumbered it, but whether anyone else had conveyed or encumbered the property.

*Creekmore & Creekmore*, for appellees.

The record of a deed from a grantor whose deed was not recorded is constructive notice to subsequent purchasers from the original grantor. *Mangold* v. *Barlow*, 61 Miss. 593; *Stovall* v. *Judah*, 74 Miss. 747; *Myers* v. *Viverett*, 110 Miss. 334; *Bank of Lexington* v. *Cooper*, 115 Miss. 782; *Sowell* v. *Rankin*, 82 So (Miss.), 317; section 2291, Hemingway's Code (section 2787, Code of 1906); section 2292, Hemingway's Code (section 2788, Code of 1906; chapter 255, Laws of 1920.

If we are to follow the reasoning laid down in these cases, we can come to no conclusion other than that this deed of trust in favor of, and the warranty deed to the Merl Lumber Company were constructive notice to Turner of the claim of the grantors therein. The delivery to the clerk of a deed which is entitled to record is all required of the grantee in that deed. We must remember that this registry statute is in derogation of the common law, is in favor of the subsequent purchaser and restrictive of the rights of the prior purchaser. It, therefore, should be construed strictly in favor of him whose rights are restricted and against him whose rights are enlarged thereby. The deed from Hyde to Burgess was a good and valid deed even though never recorded, and the deed from Burgess to the Merl Lumber Company at the time it was made was a good and valid deed. By filing this deed for record the Merl Lumber Company did all that was required of it by law and there can be no just or equitable reason why such filing for record is not constructive notice to all the world of its claim to the property described in the deed.

The provisions of chapter 255, Laws of 1920, as to a sectional index are mandatory and the board of supervisors is presumed to have followed the plain mandate of the law unless the contrary affirmatively appears from the record. The case should be affirmed.

*Stone & Stone,* in reply, for appellant.

The appellees present in their brief a number of cases, of which not one touches the case at bar, side, top or bottom. The case at bar is one where all parties claim from a common source; that is, Sam Hyde. It is a fact that Sam Hyde made a deed to Burgess of the timber on this land. That deed to this good day has never been recorded. Later Burgess executed a deed of trust to the Merl Lumber Company, and that deed of trust was put on record and was foreclosed by the Merl

Lumber Company; but let it be remembered that this deed of trust was given by Burgess, whose deed from Hyde was and still is unrecorded.   Later Turner, the appellant, buys the land, and while it was disputed between Turner as to whether Hyde had communicated the fact to Turner that he (Hyde) had sold the timber to Burgess, the chancellor in his decree found that Turner had no actual notice of the timber sale.   Still the chancellor held that the deed of trust given by Burgess to the Merl Lumber Company was constructive notice.   That is our lawsuit.   *Hart* v. *Gardner,* 83 Miss. —, 33 So. 442 and 497, is absolutely in point.

HOLDEN, P. J., delivered the opinion of the court.

This suit involves the question of the title to certain merchantable timber conveyed by one Sam E. Hyde to different parties, and the decision depends upon whether the second purchaser had actual or constructive notice of the first sale by Hyde to one H. H. Burgess.

The case, in short, is as follows:   Hyde owned merchantable timber on land, and, by deed, conveyed it to Burgess.   Burgess failed to record his deed, but soon thereafter he gave a deed of trust on the timber for the benefit of the Merl Lumber Company, and this deed of trust was filed for record.

This deed of trust was foreclosed, and the Merl Lumber Company purchased the timber, and the trustee's deed was placed of record.   The Merl Lumber Company then conveyed to V. M. Bell, appellee here, and, when Bell went upon the land to cut the timber, he was enjoined by Turner, appellant here.   The injunction was dissolved on the hearing.

Subsequent to the filing of the deed and deed of trust in favor of the Merl Lumber Company, Hyde gave a deed of trust on the same timber to Turner, which was duly filed for record, and, in satisfaction thereof, Hyde conveyed the same land and timber to Turner by warranty

deed duly filed for record. Both of these last named conveyances failed to mention therein the prior timber deed in favor of Burgess.

On the hearing of the case, the chancellor held that, since the deed of trust from Burgess and the deed from Wilborn, as trustee, were each filed for record prior to the making of the deed of trust, or the deed from Hyde to Turner, they were constructive notice to Turner of the claim of the grantee therein named. The court also held that Turner had no actual notice of the conveyance from Hyde to Burgess.

The exact point presented is whether or not the recording of the instruments from Burgess to Merl Lumber Company was notice to appellant, Turner, when he subsequently purchased the same timber from Hyde. To put it in different words, did the recorded instrument from Burgess to Merl Lumber Company, and the trustee's deed under the foreclosure of that conveyance, give notice to the subsequent purchaser, Turner, or put him on inquiry as to the claim of the Merl Lumber Company or appellee Bell? We think not.

The conveyance by Burgess was not notice to the subsequent purchaser from Hyde, because the records did not disclose that Burgess ever had any title to convey. Therefore Turner, the subsequent purchaser, had the right to rely upon the record, as showing title in Hyde, when he purchased from Hyde.

There must be some fixed and safe rule with reference to how far a purchaser must examine the records to determine as to who is the owner of a particular piece of property. The abstractor is not required to search all of the records, in order to see whether or not some outsider, unknown to the records, has conveyed the property to some other person. He may safely assume the title to be in the party shown by the records. The title here was shown to be in Hyde, which Turner purchased. It is our opinion that any conveyance by the party not shown by the record to have title could not affect the

title of Turner, who purchased from Hyde. The question is clearly settled by the case of *Hart* v. *Gardner,* 81 Miss. 650, 33 So. 442.

In view of the conclusion reached, the decree of the lower court is reversed, and judgment entered here for appellant.

Reversed, and judgment entered here.

*Reversed.*