BARRON v. FEDERAL LAND BANK OF NEW ORLEANS.

(Division B. April 4, 1938.)

[180 So. 74. No. 33151.]

J. P. & A. K. Edwards, of Mendenhall, for appellant.

James B. Sykes, of Mendenhall, for appellee.

Ethridge, P. J., delivered the opinion of the court.

E. W. Barron filed a suit against the Federal Land Bank, Bee King, a trustee in a deed of trust, and J. J. Mahaffey and wife, who were grantors in the deed of trust to the Federal Land Bank, setting up that the complainant was the owner of five acres of land in the northeast corner of the southwest quarter of the southeast quarter of section 29, township 2, range 2, Simpson county, Miss.; that complainant had acquired title to said lands from the United States government, and that his deed was recorded in the chancery clerk's office, in Book 53, page 534, in said county. He further averred that on the 15th day of October, 1932, J. J. Mahaffey and his wife, through mistake, executed a deed of trust to the Federal Land Bank on the property aforesaid, and that at the time the deed of trust was executed the Federal Land Bank and the trustee in the deed of trust knew

that J. J. Mahaffey and wife did not have title to the said land; that the deed of trust was recorded in Book 23, page 207, in the office of the chancery clerk in said county; that it was further averred that on the 22d day of March, 1935, the deed of trust was foreclosed, and the Federal Land Bank became the purchaser at the trustee's sale, the trust deed being recorded in Book 188, at page 268, in the office of the clerk of the chancery court.

It was alleged that no title passed by the execution of the deed of trust given by J. J. Mahaffey and wife, for the reason that they had no title in the land, but that it belonged to the complainant in fee simple, which fact was known to the defendant, the Federal Land Bank, and to the trustee in the said deed of trust. It was further averred that J. J. Mahaffey and his wife did not intend to execute a deed of trust on this land, knowing they had no interest therein, and did not claim any, and are not now claiming any interest; but are made defendants in the suit for the reason that if they have any claim they may have opportunity to assert it.

The bill prayed for relief by the cancellation of said deed of trust and the trustee's deed on the said property, and for general relief. The Federal Land Bank answered, reciting that Barron homesteaded the land in question, but denying that he was the then owner of the said land described in the bill; and averred the truth to be that the defendant was the owner, having acquired title through J. J. Mahaffey and wife by a deed of trust executed in 1923, and recorded in the office of the chancery clerk; admitted that complainant was once the owner, but denied that he was at the time of the execution of the deed of trust, stating that he had conveyed the land to A. B. Mahaffey in or about the year 1905, in exchange for eight acres of land owned by A. B. Mahaffey in the southwest corner of the northwest quarter of southeast quarter of said section, township, and range. The defendant denied that J. J. Mahaffey and

wife executed the deed of trust by mistake, but alleged that they were at the time owners of said land, and intended to execute the deed of trust to the land; and denied that the defendant and its trustee had any knowledge of a defect in the title to said land; denied that the title to the five acres in question did not pass on the execution of the deed of trust, and that it did not have title.

The defendant made his answer a cross-bill, and set up that on October 31, 1923, it loaned to J. J. Mahaffey and wife $700, taking a deed of trust on the five acres involved and other land, to secure the amount, which deed of trust was duly recorded; and alleged that on the 22d day of March, 1935, after default in the terms and conditions of the deed of trust, that the same was foreclosed after due publication of notice, and that the defendant purchased the five acres with the other lands embraced in the deed of trust, which had been patented from the government on March 11, 1905, as shown by deed Book 53, page 534, of the records in the chancery clerk's office in said county; and that after the land had been acquired from the federal government, Mr. Barron, the complainant, conveyed to A. B. Mahaffey the five acres involved in the suit, receiving in exchange therefor eight acres in the southwest corner of the northwest quarter of the southeast quarter of said section, township, and range, by which transaction A. B. Mahaffey became the legal and equitable owner of the five acres, and as such exercised the rights of ownership and possession thereunder, asserted his title thereto, and continued to exercise the actual, adverse, peaceable, continuous, hostile, open, and notorious possession of said land, claiming against the world from the date of acquisition from the said Barron until the 29th day of October, 1908, when by warranty deed A. B. Mahaffey and wife conveyed the land to D. Mahaffey and Anse Mahaffey, as will be seen by deed recorded in Book 69, page 558, and

the said grantees thereby became the owners of the five acres of land here in question, together with other lands conveyed in the deed; and that thereafter A. B. Mahaffey and wife again, on the 30th day of January, 1919, executed another deed to the said D. and Anse Mahaffey, recorded in Book 102, at page 385, of the chancery clerk's records in said county; that the last deed evidently was executed to correct the error in the former deed, as will be seen from an inspection thereof; that part of the description had been erased therefrom, and the last deed was evidently executed to cure said defect.

It was further alleged that about the 7th day of October, 1920, D. Mahaffey, owner of a one-half undivided interest in said land, conveyed his interest to John J. Mahaffey, who is the same as J. J. Mahaffey, one of the defendants herein, said deed being recorded in Book 110, at page 163, of the aforesaid records; that thereafter A. J. Mahaffey, who is the same as Anse Mahaffey, conveyed by warranty deed his undivided one-half interest to John J. or J. J. Mahaffey, likewise recorded in Book 110, page 163, of the records; that since the execution of the deed to them by A. B. Mahaffey on the 29th of October, 1909, the last two named grantors had exercised all the rights of ownership thereunder, claiming openly against all the world the title to said property; and that by the said two deeds last mentioned J. J. Mahaffey became the legal and equitable owner of the five acres of land.

The complainant, E. W. Barron, answered the cross-bill, admitting the execution and recording of the deeds mentioned therein, but claiming that the lands involved in this suit were embraced in the said deeds through error, and that it was not intended to convey the five acres; and that the Mahaffeys had never claimed right, title, and interest thereto since the date on which Barron claims to have reacquired title.

The answer to the cross-bill set up that E. W. Barron,

about one year after he acquired title from the United States government, executed a deed of trust to A. B. Mahaffey without his wife's signature to the said deed, at a time when he and his wife resided on said land, occupying it as a homestead, and the title did not pass to A. B. Mahaffey by virtue of said deed, because the wife did not join in the execution thereof. It is further alleged that about one year after the signing of this deed, Barron repurchased the five acres from A. B. Mahaffey, and that a deed was executed; but that neither the deed from Barron to A. B. Mahaffey, nor from A. B. Mahaffey back to Barron, was placed of record; that after repurchasing from A. B. Mahaffey, the complainant and his wife moved on the land again and occupied it for three years, when they again moved off, leaving A. B. Mahaffey to manage and control the land, and pay the taxes thereon. The complainant acquired another tract of land, and lived on it until 1921, when he and his wife moved to Louisiana, where they remained until 1931, when they returned to Simpson county; that J. J. Mahaffey was in possession of said land with the consent of the complainant, Barron, and was to keep the place up and pay taxes thereon, but not to pay any rent. J. J. Mahaffey built his house on the said tract of land at some time between 1921 and the filing of the suit, and continued to occupy the place by permissive possession. E. W. Barron, testifying as a witness to substantiate his contentions, admitted that he knew of the deeds executed by A. B. Mahaffey to D. Mahaffey and Anse Mahaffey in 1909, and knew also of the deed executed to them by A. B. Mahaffey in 1918; but contends that it was not intended to convey in either deed the five acres involved in this suit, this tract being embraced therein through error. He took no steps to correct the alleged error in the deeds or to cancel them, and had never placed of record the deed he claims to have had from A. B. Mahaffey in 1906 or 1907, nor had it ever been

recorded; and that no steps had been taken to correct the erroneous conveyance during the lifetime of A. B. Mahaffey or D. or Anse Mahaffey, all of whom were dead at the time of trial.

Barron claimed that he did not know that J. J. Mahaffey had given a deed of trust on the five acres involved until his return from Louisiana in 1930, or, as he stated it, "until 1930." He contends that it was not intended by Mahaffey to embrace the five acres in the deed of trust on the other lands owned by J. J. Mahaffey and wife. He claims that he wrote the Federal Land Bank some time after learning that the five acres was embraced in this deed of trust, but did not show what he wrote, nor that any answer was received. He made no effort to take possession or to cancel the claim to the said tract in any proceeding, and did not even place his own deed of record. He testified that he saw the advertisement for sale of the land under the deed of trust, and knew it was being sold. After its sale under the trust deed to the Federal Land Bank, the bank instituted suit against J. J. Mahaffey and wife for possession of the land, of which fact Barron was aware; but he did not intervene or assert his claim or appear in said suit.

J. J. Mahaffey and others testified that it was not intended to convey the five acres involved in this suit in the deeds from A. B. Mahaffey to D. and Anse Mahaffey, or from A. B. Mahaffey to J. J. Mahaffey, or from J. J. Mahaffey and wife to the Federal Land Bank; and Mahaffey testified that he did not claim any interest in the five acres, and recognized the title of Barron to the land involved, and had never asserted claim of ownership or title thereto.

There was no direct evidence that any of the Mahaffeys asserted title, otherwise than through their deeds, to this tract of land. E. W. Barron was the son-in-law of A. B. Mahaffey, and brother-in-law of J. J.,

D., and Anse Mahaffey. The deeds above mentioned, and the deed of trust, were introduced in evidence. The chancellor held that there was adverse possession of the land in the Mahaffeys and in the Federal Bank, their grantee, dismissed Barron's bill of complaint, and confirmed the title to the bank to the land, as against Barron; from which judgment this appeal was prosecuted.

The chancellor was in error in holding that there was title by adverse possession in the Mahaffeys and in the bank; but, notwithstanding, reached the correct result, as will hereafter be pointed out.

Permissive possession, even if long continued, does not confer title on the person in possession of the property. Bullock v. Greer, Miss., 179 So. 264; Neal v. Newburger Co., 154 Miss. 691, 123 So. 861; Leavenworth v. Reeves, 106 Miss. 722, 64 So. 660; Rothschild v. Hatch, 54 Miss. 554; Adams v. Guice, 30 Miss. 397; Morgan v. Collins School House, 160 Miss. 321, 133 So. 675; Mississippi Digest, Adverse Possession, Key No. 60 (2) and 60 (4).

The complainant was not entitled to recover, for the reason that his conduct was such as to forbid equitable relief. His failure to assert title and to secure a correction of the alleged erroneous deeds, either by voluntary conveyance or by suit to cancel same, is such negligent and wrongful conduct as to bar his right to equitable relief. It would also operate as an estoppel to prevent his now asserting title as against the Federal Land Bank, after the said bank had acquired rights on the faith of the recorded deeds. Equity will not lend its aid to one who is guilty of unconscionable conduct and great laches in asserting rights, where deeds of record indicate title in others. He had failed to place his own deed on record, or to take steps to correct the existing situation. Estoppel by conduct arises from an act or declaration of a person intended or calculated to mislead another, on which that other has relied, and has so acted, or refrained from action, as that injury will befall him if the

truth of the act or declaration be denied. Staton v. Bryant, 55 Miss. 261. The doctrine of equitable election is founded on the principle that he who seeks equity must do equity. Barrier v. Kelly, 82 Miss. 233, 33 So. 974, 62 L. R. A. 421. See, also, Davis v. Butler, 128 Miss. 847, 91 So. 279, 709; Canal Trust & Sav. Bank v. Brewer, 143 Miss. 146, 108 So. 424, 47 A. L. R. 45; Eagle L. & S. Co. v. DeWeese, 163 Miss. 602, 135 So. 490; Vicksburg, etc., Co. v. Barrett, 67 Miss. 579, 7 So. 549; Mississippi Digest, Estoppel, Key No. 52, and authorities cited there.

It would be a gross perversion of justice to permit Barron, under all the circumstances disclosed in this record, to recover. The judgment of the court below will therefore be affirmed.

Affirmed.