MORGAN, et al. *v.* MARS, et al.

In Banc. Dec. 31, 1949

No. 37302 (43 So. (2d) 563)

**W. T. Weir,** for appellants.

**Dees Stribling,** for appellees.

**Roberds, J.**

The determining question in this case is whether appellants, when they purchased and received a deed to the eighty acres of land here involved, had constructive notice of an existing trust deed upon the land in favor of W. H. Mars, under the circumstances hereinafter set out. The chancellor held that appellants did have such notice, and that, therefore, they were not innocent purchasers of the land.

These were the facts: On and before March 19, 1943, O. C. Smith held the record title to the west half of the northeast quarter of Section 1, Township 9, Range 11 East, situated in Neshoba County, Mississippi, title to which is the subject of this litigation. Mars, at that time, was the beneficiary in a recorded deed of trust executed by Smith upon the north forty acres of that tract securing $432.00. Smith, on March 13, 1943, executed a deed to the eighty acres to Lukens, and Lukens then executed a trust deed thereon to Mars to secure $964.80. Mars on that day satisfied of record the Smith trust deed and placed of record the Lukens trust deed. However, the deed from Smith to Lukens was not recorded. On June 18, 1945, Smith and wife executed a warranty deed conveying the eighty acres to Lott Morgan, one of appellants. On July 14, 1945, Smith and wife executed another deed, a quitclaim, to Lott Morgan and his wife, the appellants. The trust deed from Smith to Mars, which Mars satisfied on the record, and the deed of trust from Lukens to Mars, on the face of the instruments, secured general debts. The latter made no reference to the former. The deeds from Smith to the Morgans recited $700 as being the consideration paid for the lands. Appellants, upon receiving their deeds, went into possession of the land and apparently so continued until time of the trial. The trustee in the Lukens-Mars trust deed advertised the property to be sold January 9, 1948. That was the first time the Mor-

gans had any actual knowledge that Mars claimed to have a deed of trust on the land. On January 5, 1948, they filed their bill in this cause, asserting they were innocent purchasers of the land free of any claim of Mars and asked for a cancellation of the Mars trust deed as a cloud upon their title. However, the trustee sold the property on the day named for the sale and it was bought by Mars. Mars answered that the record imputed constructive notice to the Morgans when they bought of the existence of the Mars trust deed. There is no contention that the Morgans, when they purchased, had any actual notice of the existence of the Mars trust deed or any constructive notice other than what the record of the Mars trust deed imparted to them. The chancellor held for Mars, and the Morgans appeal.

At once, ▮ it is seen that an examination of the records at the time Morgan bought the property would have disclosed the record title to be in Smith. He, so far as the records showed, had never conveyed it away or encumbered it in any manner. There was no reason for a puchaser to think that some outsider, a stranger to the record title, had given a deed of trust upon, or made any conveyance of the land. He would have had just as good reason to search for some conveyance from John Doe or Richard Roe as from Lukens. No vendor's lien was retained on the land by the grantors of Smith nor did the Mars trust deed recite it was for the purchase price of the land, or any part of it, if indeed that would have made any difference, upon which question we do not pass.

▮ This Court in two cases has held, under substantially the same circumstances, that the purchaser was not charged with constructive notice of the existence of a deed of trust. Hart v. Gardner, 81 Miss. 650, 33 So. 442, 497; Turner v. Bell, 143 Miss. 782, 109 So. 794, 795. In the Turner case, the Court said: "The conveyance by Burgess was not notice to the subsequent purchaser from Hyde, because the records did not disclose that Burgess

ever had any title to convey. Therefore Turner, the subsequent purchaser, had the right to rely upon the record, as showing title in Hyde, when he purchased from Hyde. There must be some fixed and safe rule with reference to how far a purchaser must examine the records to determine as to who is the owner of a particular piece of property. The abstractor is not required to search all of the records, in order to see whether or not some outsider, unknown to the records, has conveyed the property to some other person. He may safely assume the title to be in the party shown by the records. The title here was shown to be in Hyde, which Turner purchased. * * *"
In the case at bar, if we substitute Smith for Hyde and Lukens for Burgess and Morgan for Turner, we have the same situation, except that, if there is a material difference, the case at bar is stronger for appellants than the cited case was for Turner, for the reason that in this case the bill was filed before the Mars trust deed was foreclosed, and in the Turner case there had been a purchase at foreclosure sale before the suit was instituted.

Reversed and judgment here for appellants.