RODGERS, Justice:
This cause of action involves the claim of certain individuals acting as trustees, in an alleged church organization, to one-half of an acre of land on which the church was located. The dispute came about under the following circumstances. Mr. and Mrs. H. C. Crowson made a deed on April 24, 1942 to the trustees of the Church of the Lord Jesus Christ in the Washington Community to land described as:
“2 acres approximately in the center of the SE|4 of Section 29, Twp. 11, Range 2 East, and more particularly defined as being the land used by the Hill School as its grounds for the past 50 years, and having been deeded back to H. C. Crowson and wife by Trustees of Hill School under date of October 21, 1940, which deed is of record in Book 224, page 373 of the deed records of Pontotoc County. It is agreed and understood between all parties that this property is to remain the property of said Church only so long as Church is maintained upon it and if it ceases to be used for a Church it reverts back to the Grantors herein or their Heirs or Assigns.”
The description of the land was incorrect in that the land used and occupied by the church organization was actually located in the SWJ4 of Section 29, Township 11, Range 2. Nevertheless, the association used the property for many years. A church building was erected upon the land, and worship services, Sunday School and protracted meetings were held in the church. The grantor, H. C. Crowson was a member of this church and was a church trustee until his death in 1958.
On April 7, 1958 Mr. and Mrs. H. C. Crowson deeded the forty acres on which the church was located to their son, Earl Wayne Crowson. This deed had written in it the following language:
“* * * subject to a life estate that is hereby reserved unto H. C. Crowson and at my death the said Earl Wayne Crow-son is to have complete control and possession without any reservations, and the 2 acres that was heretofore sold to the Washington Holiness Church, shall revert to the said Earl Wayne Crowson, his successors and assigns.”
Thereafter, on August 10, 1964, after the death of H. C. Crowson (in 1958), Earl Wayne Crowson conveyed the land he obtained from his father to George Wayne Washington. This deed contained the following language:
“It is intended to convey hereby the same land conveyed to Earl Wayne Crowson by H. C. Crowson and wife, Elizabeth Crowson, by deed recorded in Book 237, page 48.”
The appellant, George Wayne Washington, proceeded in the latter part of 1964 to fence his land, including the property purchased from Earl Wayne Crowson. The fence ran along the road between the church and the road. Thereafter, on January 28, 1965, Dalton Washington put a notice in the county paper advertising that worship services would be held in the *139 building each fourth Sunday thereafter. On the following fifth Sunday of January, Dalton Washington and several members of his family held a worship service in the road adjacent to the old church building. At this meeting, the group elected E. E. Crowson as trustee of the church in place of his deceased father. It developed, however, that E. E. Crowson was not a member of this church, but was a member of another church. The third trustee had not been heard from in several years, and his present location was unknown.
Dalton Washington and E. E. Crowson instituted suit against the landowner, George Wayne Washington. In the meantime, however, after appellant discovered that Dalton Washington claimed to be the pastor of the church, he had pictures made of the church building and the church yard; thereafter the church building burned.
On the trial the appellees introduced several witnesses who testified that the members had regular meetings at the church in the summer and had Sunday School as late as 1960, that services were held in the church in 1959, and that they had a service at the church in July 1964. It was claimed that regular records were kept of the church organization. However, only meager records were introduced as to Sunday School and no satisfactory records were shown as to the church organization. There was a typewritten appointment of E. E. Crowson as trustee of the church attached to one of the old records offered in evidence. Dalton Washington named several members of the church.
On the other hand, the appellant introduced pictures of the old building, and the appellees admitted that they were true pictures. These pictures showed beyond' question that the old building had no windows or doors, the floor had rotted out so that there were large holes in the floor, the roof had rotted, and the pulpit and benches were scattered over the house and in the yard. There were no steps to the church and broom sage grass had grown up in the yard to the door of the church. There was a large garbage dump in the yard, and beer cans were scattered over the premises.
In addition to the pictures, most of the people in the neighborhood testified, or were in the courtroom ready to testify, that no regular meetings had been held in this church for many years. Moreover, the defendants offered testimony to show that the alleged members of this church actually belonged to other churches. The testimony is overwhelming in favor of the landowner’s contention that the church — if it could be considered to be a church under the statutory method of organizing churches in this state — had been abandoned for many years, and that a “church had not been maintained” upon the land purchased by George Wayne Washington for many years. Mr. Crow-son testified that the church had been there for a long time and that “we just hated to see it taken away from us. Some of us had just hated to give it up.”
It is the contention of the appellee church on the one hand that it obtained title to one-half acre of land where the old church was located by adverse possession. On the other hand- — the church contended that: “The record clearly shows that this church building and the half acre of land belonging thereto was still being used for church purposes in conformity to the covenant in the deed *
Of course if the occupation of the land were held by virtue of the covenant in the deed, the church was bound by the terms of the covenant, and so long as the grantee occupies property by virtue of the covenant in the deed, the church could not obtain title to the property by adverse possession. The possession of the property in that event was not adverse to the grantor. Until the grantee in the deed brought to the attention of the landowner notice that the grantee claimed the land in some method hostile and adverse to the *140 covenant to the deed, adverse possession could not be established. See authorities cited under Mississippi Code 1942 Annotated section 711 (1956); Smith v. Cunningham, 79 Miss. 425, 30 So. 652 (1901); Barron v. Federal Land Bank, 182 Miss. 50, 180 So. 74 (1938); Morgan v. Collins School House, 160 Miss. 321, 133 So. 675 (1931); Day v. Cochran, 24 Miss. 261 (1852).
Does the fact that the deed from Mr. and Mrs. H. C. Crowson described the property as being in the wrong quarter section give the church the right to obtain title by adverse possession to the one-half acre actually used by the church but located in another quarter section owned by the grantor?
We hold that the church was bound by the covenant in the deed from Mr. and Mrs. Crowson, because this deed also described the property as being “the land used by the Hill School as its grounds for the past 50 years, and having been deeded back to H. C. Crowson and wife by Trustees of Hill School under date of October 21, 1950, which deed is of record in Book 224, page 373 of the deed records of Pon-totoc County.” The location of the property was, therefore, definitely described in the deed. The deed gave a clue to the exact location of the property. Jones v. Hickson, 204 Miss. 373, 37 So.2d 625 (1948); 26 C.J.S. Deeds § 101 (1956); 23 Am.Jur.2d Deeds §§ 222-273 (1965). The general rule is: That is certain which may be made certain. Nixon v. Porter, 34 Miss. 697 (1858).
We are constrained, therefore, to hold that the Chancellor was manifestly in error and that since the testimony shows overwhelmingly that the church no longer “maintained a church” on the property deeded to it by H. C. Crowson and wife Elizabeth Crowson, the land therefore reverted to the landowner and the land is now the property of George Wayne Washington.
The decree of the Chancery Court is hereby reversed and judgment entered here in favor of appellant, George Wayne Washington, declaring him to be the owner of the land here in dispute. The decree and judgment of the Chancery Court are thereby reversed, and the judgment will be entered here declaring George Wayne Washington to be the owner of the land described in the original petition.
Reversed and rendered.
ETHRIDGE, C. J., and BRADY, PATTERSON and SMITH, JJ., concur.