238 So.2d 740 (1970)
ST. REGIS PULP & PAPER CORP. et al.
v.
Russell FLOYD et al.
No. 45669.
Supreme Court of Mississippi.
March 2, 1970.
Rehearing Denied March 23, 1970.
Watson, Wilkerson & Walsh, Woodville, for appellants.
*741 Clay B. Tucker, Woodville, for appellees.
BRADY, Justice:
This is an appeal from the Chancery Court of Wilkinson County, Mississippi, wherein the appellee sought to cancel clouds on the title to a forty acre tract of land under a reverter clause contained in a deed from John E. Floyd et ux. to Robert L. Bullard in 1903. From a decision by the chancellor in favor of the appellees, this appeal is taken.
In March 1903, John E. Floyd and Belle Floyd conveyed the SE 1/4 of the NW 1/4, Section 11, Township 3 North, Range 1 West to Robert L. Bullard by warranty deed recorded in Deed Book RR at page 165 of said Wilkinson County, in the following words, to-wit:
In consideration of one hundred and fifty dollars and other valuable consideration we convey and warrant to Robert L. Bullard the land described as SE 1/4 of the NW 1/4, Section 11, Township 3 North, Range 1 West. It is understood that when all the merchantable timber is removed from said land, the land is to revert to us or our heirs but until then the title is to be absolute in said grantee, in the County of Wilkinson in the State of Mississippi.
On July 3, 1967, Russell Floyd, et al., appellees herein, and children and successors in title to John E. Floyd, filed a bill of complaint in the Chancery Court of Wilkinson County seeking to cancel clouds on the title in and to the forty acre tract of land hereinabove described.
The above deed was acknowledged by John E. Floyd before C.A. Coon, Chancery Clerk, on the 23rd of March, 1903, at 11:30 o'clock A.M., and recorded on the 25th of March, 1903. Thereafter, on April 15, 1903, Robert L. Bullard conveyed, "all of my right, title and interest in and to the following lands situated in Wilkinson County, Mississippi, to the Peoples Savings Bank & Loan Company of Vicksburg, Mississippi, as trustee for himself and others, and among other lands, the SE 1/4 of the NW 1/4, Section 11, Township 3 North, Range 1 West was conveyed.
On April 26, 1905, the Peoples Savings Bank & Loan Company, as trustee, conveyed said SE 1/4 of the NW 1/4 of Section 11, Township 3 North, Range 1 West to the Foster Creek Lumber Company by a special warranty deed.
On April 1, 1916, Foster Creek Lumber Company, Inc., conveyed to Foster Creek Lumber & Manufacturing Company, a corporation, the following described lands which are conveyed in fee simple subject to the reversions of the fee after the timber shall have been cut, in accordance with the deeds under which the grantor holds the same as indicated, as follows:
10. SE 1/4 of the NW 1/4 of Section 11, Township 3 North, Range 1 West, when all the merchantable timber shall have been removed said land shall revert to John E. Floyd, his heirs or assigns.
On June 27, 1927, the Foster Creek Lumber & Manufacturing Company conveyed to the Whitney Central Trust & Savings Bank, Trustee, the timber only on the SE 1/4 of the NW 1/4, Section 11, Township 3 North, Range 1 West, in the following words:
All merchantable timber except as otherwise hereafter specified standing and being on the following lands in this conveyance clause, second, described together with the right to enter thereon and cut and remove the timber therefrom at any time, except as a limited period for removal is hereafter noted as to particular description.
On March 28, 1932, the Whitney Central Trust & Savings Bank, Trustee, conveyed to Foster Creek Lumber Corporation, the timber only in the SE 1/4 of the NW 1/4, Section 11, Township 3 North, Range 1 West, in the following words:
All merchantable timber, except as otherwise hereafter specified standing or *742 being on the following lands in this conveyance clause, second, described, together with the right to enter thereon and cut and remove the timber therefrom at any time, except only as a limited period for removal is hereafter noted as to particular descriptions.
On January 13, 1934, the Foster Creek Lumber Corporation conveyed to Harry Howard Hyde and Howard H. Marlowe, the timber only on the SE 1/4 of the NW 1/4, Section 11, Township 3 North, Range 1 West, in the following words:
All merchantable timber, except as otherwise hereinafter specified, standing or being on the following lands in this conveyance clause, second, described, together with the right to enter thereon and cut and remove the timber therefrom at any time, except only as a limited period for removal is hereafter noted as to particular descriptions.
On December 9, 1943, Harry Howard Hyde and Howard H. Marlowe conveyed to Crosby Lumber & Manufacturing Company, the timber only on the SE 1/4 of the NW 1/4, Section 11, Township 3 North, Range 1 West, in the following words:
All merchantable timber, except as otherwise hereinafter specified, standing or being on the following lands in this conveyance clause, second, described, together with the right to enter thereon and cut and remove the timber therefrom at any time, except only as a limited period for removal is hereafter noted as to particular descriptions.
On October 9, 1961, John E. Floyd died intestate in the East Louisiana Hospital at Jackson, Louisiana, leaving surviving him as his sole and only heirs at law his widow, Mollie Floyd, and the following children and grandchildren: Orris Lee Floyd, Inez Floyd Day, Esther Juanita Floyd Beattie, Dorothy Mae Floyd Barrious, Cecil Zay Floyd, John P. Floyd, Jimmy Dale Floyd, Evelyn Glendolyn Floyd, Sheila Ann Floyd, Russell Floyd, Jack Floyd, W.T. Floyd, Mrs. Marjorie Nettles Latham and Johnnie Lee Nettles.
On October 25, 1961, the Crosby Mineral Company conveyed by mineral lease the oil, gas, and other minerals under said land to Cities Service Petroleum Company.
In the year 1962 Mrs. Mollie Floyd died intestate, leaving surviving her as her sole and only heirs at law her daughters, Lizzie Stevens O'Nealtion and Reda Stevens Floyd.
On December 21, 1965, the Crosby Lumber & Manufacturing Company conveyed all land and interest in land owned by it in Wilkinson County, Mississippi, to the St. Regis Paper Company.
On December 29, 1965, St. Regis Paper Company conveyed all lands and interest in lands owned by it in Wilkinson County, Mississippi, to St. Regis Pulp & Paper Corporation.
In the months of October and November, 1966, one James W. Hattox and H.E. Smith contacted several of the complainants and obtained from them oil, gas and mineral leases covering the SE 1/4 of the NW 1/4 of Section 11, Township 3 North, Range 1 West, and thereupon several of the complainants had the land records of Wilkinson County, Mississippi checked, and for the first time discovered there was a reverter clause contained in the conveyance from their father and mother to Robert L. Bullard, and after acquiring and being informed that all merchantable timber had been cut and removed from the said quarter section of land, instituted this suit to remove all claims of defendants as clouds on their title to said SE 1/4 of NW 1/4 of Section 11, Township 3 North, Range 1 West.
The chancellor found that the reverter clause to the grantor or his heirs contained in the deed from John E. Floyd et ux. to Robert L. Bullard in March of 1903, being a vested interest that the grantor, John E. Floyd, could have conveyed at any time, or which he could have transmitted by will, *743 does not violate the rule against perpetuities and that the appellants and their predecessors in title having entered onto the premises and into permissive possession of said SE 1/4 of the NW 1/4 of Section 11 under the authority of the provisions of said deed from John E. Floyd to Robert L. Bullard, and the appellants and their predecessors in title having never made positive assertion of the right hostile to the constructive possession of said John E. Floyd or his heirs that was "brought home" to them, no title of adverse possession accrued or matured in the appellant and that the appellees had not been guilty of any elements of estoppel that would make it inequitable to permit them to assert their rights of title to the land. Therefore, the appellees were deemed to be owners in fee simple of the land and all deeds and mineral conveyances dealing with the said property were canceled insofar as the same affected the title to the said property. From that decree this appeal was taken.
While other errors are assigned by the appellant, the disposition of this case requires our consideration of only two. First, did the trial court err in refusing to sustain appellant's affirmative plea that the rule against perpetuities prohibited the operation of the reverter clause in the original deed from John E. Floyd et ux. to Robert L. Bullard? There is no merit in this contention. The case of Jones v. Burns, 221 Miss. 833, 74 So.2d 866 (1944), clearly establishes this conclusion and is controlling under the facts in the case at bar. In Jones v. Burns, supra, we said, speaking through Judge W.G. Roberds, as follows:
(A) reservation to the grantor or his heirs is a vested interest and is not within the rule against perpetuities. The distinction is shown by this quotation from 41 Am.Jur. 75, 76, 77, Section 31:
"A possibility of reverter which remains in a grantor or his successor in interest, or in a testator's heirs or devisees, where there has been created a fee simple determinable, is not subject to the rule against perpetuities. Thus, a conveyance of land to a school district upon condition that the land be used only for school purposes, the land to revert to the grantor if the district ceases to use the land for school purposes or uses it for any other purpose, does not violate the rule against perpetuities, as the possibility of reverter vests in the grantor, which he may convey and which descends to his heirs or which he may transmit by will. * * * (221 Miss. at 841, 74 So.2d at 868.)
The other error assigned which requires our careful consideration is whether or not the trial court erred in not sustaining the appellant's plea of the statute of limitations or that the trial court erred in failing to grant a decree in favor of the appellants because of adverse possession exercised for the statutory period of time by the appellants. It should be noted that under out interpretation of this rule of law the appellees, by virtue of the reverter clause, were the owners of the land here in controversy, subject only to the cutting and removal of the merchantable timber that was merchantable in 1903, for which purpose the appellants were in permissive possession thereof subservient to the title of the appellees. Such permissive possession of lands, even if long continued, does not confer title in the person in permissive possession until a positive assertion of a right hostile to the owner has been made known to him. The Mississippi courts have held that a tenant at sufferance may not set up a hostile claim of adverse possession based simply upon possession. Thus, when the predecessors in title of the appellants held over after the cutting and removal of the merchantable timber that was merchantable in 1903, they became tenants at sufferance of John E. Floyd and/or his heirs. Washington v. Crowson, 222 So.2d 137 (Miss. 1969); Newman v. Smith, 226 Miss. 465, 84 So.2d 512 (1956); Williams v. Patterson, 198 Miss. 120, 21 So.2d 477 (1945); White v. *744 Turner, 197 Miss. 265, 19 So.2d 825 (1944); Taylor v. Twiner, 193 Miss. 410, 9 So.2d 644 (1942); Barron v. Federal Land Bank, 182 Miss. 50, 180 So. 74 (1938); and Day v. Cochran, 24 Miss. 261 (1852).
The record discloses that all grantees including and subsequent to Robert L. Bullard, the first grantee, considered the conveyance only a right to cut merchantable timber, or a timber deed. The only conveyance not conveying merchantable timber rights is the oil, gas and mineral lease executed from Crosby Mineral Company on October 23, 1961, as shown in the record and exhibits in this cause. The appellants therefore did not acquire title by adverse possession as they were merely tenants at sufferance by virtue of the reverter clause to the heirs of John E. Floyd.
We cannot hold that the chancellor was manifestly wrong in finding that no notice of the hostile claims of ownership were given the appellees by the appellants. Where tenants at sufferance are claiming adverse possession, under the facts of this case such claims must be communicated to the legal owners.
In passing, there is no merit in the error assigned by the appellant that under adverse possession they have acquired title to this land. The case of Neal v. Teat, 240 Miss. 35, 126 So.2d 124 (1961), is controlling in this instance. Furthermore, the claim of adverse possession, if there be one, was never evidenced until October 23, 1961, when without title thereto the Crosby Mineral Company conveyed to Cities Service Petroleum Company the oil, gas and mineral rights under said forty acres of land. This was done somewhat over eight years ago.
It has long been an established rule of law in this state that where, as is urged here, some ambiguity exists, which pro arguendo we consider, the interpretation placed upon the deed by the grantees and their successors in title deserves and merits consideration here insofar as intent is concerned. Goldberg v. L.H. Realty Corp., 227 Miss. 345, 86 So.2d 326 (1956); R.B. Tyler Co. v. Laurel Equip. Co., 187 Miss. 590, 192 So. 573 (1940); Spengler v. Stiles-Tull Lumber Co., 94 Miss. 780, 48 So. 966 (1909). In the case at bar the original grantee, Bullard, and his successors in title have considered this a deed to merchantable timber or a timber deed, and under the Mississippi rule the intention of the parties is controlling.
The sole conveyance in this record indicating any adverse possession by instrument is the deed from Crosby Mineral Company to Cities Service Petroleum Company of October 23, 1961. We cannot say that the chancellor was manifestly wrong in his finding of facts in this case which in substance show that no notice of any kind or character was ever given the appellees and that the appellants have not held this land a statutory length of time to establish adverse possession. The chancellor was correct in holding that there was no ouster and no merit in the contention of appellants that they have title to the land through adverse possession.
For the above reasons, the excellent opinion of the chancellor is affirmed.
Affirmed.
ETHRIDGE, C.J., and RODGERS, PATTERSON and SMITH, JJ., concur.