**In the Matter of PINETREE, LTD., Debtor.**

**The MUTUAL BENEFIT LIFE INSURANCE COMPANY, Appellant,**

v.

**PINETREE, LTD., Debtor, Appellee.**

**No. 89–4019 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 22, 1989. Rehearing Denied July 25, 1989.

Mark S. Lieberman, John S. Delnero, Joseph A. Baldi, Rosenthal & Schanfield, Chicago, Ill., for appellant.

Robert Alan Byrd, Robert A. Byrd & Associates, Biloxi, Miss., Walter J. Phillips, Gex, Gex & Phillips, Bay St. Louis, Miss., for appellee.

Before REAVLEY, JONES, and DUHE, Circuit Judges.

EDITH H. JONES, Circuit Judge:

An unfortunate train of circumstances led to this dispute over whether the principal asset of the debtor's estate, a shopping center, is property of the estate within 11 U.S.C. § 541. The bankruptcy court held that an unrecorded deed from an entity related to the debtor was sufficient to place the property within the debtor's estate and to nullify a foreclosure sale carried out by the mortgagee against the related entity, the record title owner, after bankruptcy was filed. We reverse, concluding that although the debtor had a "legal interest" in this property, it was ineffective under Mississippi's recording law against the mortgagee, and the bankruptcy court should consequently have annulled the automatic stay.

In September 1985, the debtor Pinetree, Ltd. executed a promissory note for over $3.2 million to Mutual Benefit Life Insurance Company and concurrently secured the note with a mortgage on the Pinetree Plaza shopping center in Laurel, Mississippi. The mortgage was duly recorded. Fifteen months later, Pinetree, Ltd. conveyed the shopping center to Pinetree, Inc. through a recorded sale. A correction deed was filed in March, 1987, indicating the purchaser as Pinetree of Louisiana, Inc. The purpose of this transaction was allegedly to divest one of the limited partners of Pinetree, Ltd. of any possible interest in the shopping center, to avoid the placement of an IRS lien on that property.

The note went into default in December, 1987, and Mutual Benefit ordered its trustee under the mortgage to commence foreclosure proceedings. A certificate of title to the property obtained by the trustee on March 22, 1988, showed Pinetree of Louisiana, Inc. as owner of the property. Notice of the sale was issued on March 30, 1988 and published in the Laurel newspaper four times during the month of April. Notice of the impending foreclosure was sent to Pinetree of Louisiana, Inc. in care of its registered agent, to the debtor as the original obligor on the non-recourse note, and to the president of Pinetree Realty, Inc., the debtor's general partner.

No representative of the debtor appeared or objected to the foreclosure sale on April 27, 1988. The bankruptcy court found that at no time prior to or at the sale was Mutual Benefit or its trustee aware of debtor's bankruptcy or its claim of interest in the property.

In the meantime, in contemplation of bankruptcy, Pinetree of Louisiana, Inc. purported to sell the property back to Pinetree, Ltd. Because of a miscommunication, however, the deed was never recorded in the deed records of Jones County, Mississippi. On March 25, 1988, the debtor filed its petition in Chapter 11, listing Pinetree Plaza as its only significant asset. A notice of bankruptcy for Pinetree, Ltd. was mailed to First Union Mortgage Corporation, an independent loan servicing company for Mutual Benefit, but the servicing company evidently connected the notice with the wrong loan and never properly informed Mutual Benefit of the bankruptcy.

After the foreclosure sale occurred, a dispute erupted between the debtor and Mutual Benefit concerning whether the company had violated the automatic stay, 11 U.S.C. § 362(a), in conducting its foreclosure sale. Mutual Benefit filed an adversary proceeding to determine whether title to the property lay with the debtor or Mutual Benefit at the date of bankruptcy. The debtor responded with a motion for

contempt and to assess damages for violation of the automatic stay. The bankruptcy court ruled in favor of the debtor, but, holding that Mutual Benefit was in good faith unaware of the existence of the automatic stay, it assessed against the debtor the costs of the foreclosure proceeding incurred by Mutual Benefit. The district court summarily affirmed the bankruptcy court, and Mutual Benefit has appealed.

The issues before us may be framed very simply. We must determine whether Pinetree Plaza shopping center was among the debtor's property as of the date of bankruptcy, 11 U.S.C. § 541(a), and if so, to what extent the debtor is protected by the automatic stay from Mutual Benefit's subsequently conducted foreclosure proceeding.

Section § 541(a) defines property of a debtor's estate broadly, consistent with the Bankruptcy Code's purpose to obtain the maximum possible recovery for and equitable distribution among creditors. Thus, property of the debtor's estate specifically includes "... all legal and equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1).

Bankruptcy law does not create property, however. The nature of the debtor's interest in property which accrues to the estate is based on nonbankruptcy law. *In re Livingston*, 804 F.2d 1219, 1221 (11th Cir.1986); *Georgia Pacific Corp. v. Sigma Service Corp.*, 712 F.2d 962, 964 (5th Cir.1983). In this case, the bankruptcy court found that Mississippi law recognizes the enforceability of an unrecorded transfer of real property between the parties to that transfer. *Walker v. Walker*, 214 Miss. 529, 59 So.2d 277 (Miss.1952); *McAnulty v. Bingaman*, 6 How. 382 (Miss.1842). This decision is surely correct as far as it goes, and were there no interest of third parties at stake here, the unrecorded deed from Pinetree of Louisiana, Inc. to Pinetree, Ltd. would have transferred the shopping center to the debtor's estate.

Mississippi law is equally clear, however, that an unrecorded deed is void as against creditors and subsequent purchasers for value without notice:

> All bargains and sales, and all other conveyances whatsoever of lands, ... and all deeds of trust and mortgages whatsoever, shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they be acknowledged or proved and lodged with the clerk of the chancery court of the proper county, to be recorded in the same manner that other conveyances are required to be acknowledged or proved and recorded.

Miss.Code Ann. § 89–5–3 (1972). *See e.g., Craig v. Osborn*, 134 Miss. 323, 98 So. 598 (1923); *Morgan v. Mars*, 207 Miss. 848, 43 So.2d 563 (1949). The bankruptcy court did not carry its analysis into this area. As we view it, this statute makes a critical difference in the debtor's claim that its unrecorded interest constituted "property" of its estate. Because the debtor's title was void as to creditors or purchasers without notice from the record title owner, such as Mutual Benefit, its interest at the date of bankruptcy could not transcend this limit imposed by Mississippi state law. The record nowhere suggests that the debtor attempted to record its "purchase" at any time before the foreclosure, so we do not speculate on the consequences for our analysis of an intervening recordation.

Consequently, the debtor's interest here might be likened to that of a debtor who holds a defeasible interest in property at the date of bankruptcy or who, pursuant to 11 U.S.C. § 541(d), is a trustee holding legal but not equitable title to property. *See e.g. Vineyard v. McKenzie (Matter of Quality Holstein Leasing)*, 752 F.2d 1009 (5th Cir.1985) (imposition of a constructive trust under state law confers on the true owner of the property an equitable interest in the property superior to the trustee's). The impact of state law upon the characterization of a debtor's interest in property is usefully demonstrated by *Selby v. Ford Motor Co.*, 590 F.2d 642 (6th Cir.1979). The court there held that monies owed by a contractor to its subcontractors pursuant to Michigan's materialmen's trust fund statute were impressed with a constructive

trust of which the debtor was a mere trustee. The monies were thus excluded from the debtor's estate. The court justified its result by the need to enforce the "traditional role of the states in creating and defining the underlying property interests and commercial arrangements to which the Bankruptcy Act applies." 590 F.2d at 646.[1] *See also Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) ("[T]here is no reason why [property] interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." Otherwise, bankruptcy would create incentives for "forum-shopping" by debtors or other parties. 440 U.S. 55, 99 S.Ct. at 918.)

The state law rationale for circumscribing the debtor's interest in Pinetree Plaza is at least as strong as that in *Selby*. The purpose of Mississippi's recording statute is to create a "fixed and safe rule with reference to how far a purchaser must examine the records to determine as to who is the owner of a particular piece of property." *Morgan v. Mars*, 207 Miss. 848, 43 So.2d 563, 564 (1949). Allowing an unrecorded conveyance to bring property into a debtor's estate in such a way as to undermine the rights of those in the record chain of title thwarts the goal of the recording statute. Although Pinetree Plaza, Ltd. held legal title to the shopping center at the date of bankruptcy, its rights were subject to those of Mutual Benefit as a creditor and subsequent purchaser without knowledge of the bankruptcy or the transfer.[2]

■ Should the automatic stay have applied to nullify Mutual Benefit's foreclosure of Pinetree Plaza? Under the circumstances of this case, we hold that it should not. It is clear that absent bankruptcy, the debtor had no right enforceable against Mutual Benefit by virtue of its unrecorded deed in Pinetree Plaza. Were we to affirm the bankruptcy court's judgment that the automatic stay applied, the parties would be forced to readjudicate its removal, 11 U.S.C. § 362(d), and Mutual Benefit would have to conduct another foreclosure proceeding. Further redundancy and delay would needlessly result. Thus, where a creditor having no knowledge of a pending bankruptcy forecloses in good faith on the collateral, and where the debtor's interest in that collateral is unenforceable against that creditor, and where the debtor, although notified in advance of the foreclosure, failed to assert its status before the foreclosure, we conclude that the automatic stay should have been annulled with respect to the post-bankruptcy foreclosure.

Our result is fortified by a similar decision reached in the Eleventh Circuit. In *Re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir.1984). The debtor there had asserted its rights as recipient of an unrecorded transfer of property on which the creditor sought to foreclose. The creditor foreclosed notwithstanding notice that the debtor had already filed a Chapter 11 petition and claimed ownership of the property. The court affirmed the bankruptcy court's determination that the stay could be annulled retroactive to the date of bankruptcy for the benefit of the foreclosing creditor, who was entitled to foreclose "on the assumption that the Ramada Inn was not party of the bankruptcy estate." 749 F.2d at 676. The statutory basis for annulment of the

---

1. Note that our Court has held as a matter of state law that no constructive trust arose on materialmen's funds under Mississippi or Arkansas lien statutes. *Georgia Pacific, supra.*

2. Mutual Benefit also relies on cases holding that Mississippi's law of equitable estoppel should prevent the debtor from asserting its claim of title against Mutual Benefit. Estoppel by conduct arises from an act of declaration of a person (1) intended or calculated to mislead another, (2) on which that other has relied, and

(3) has so acted, or refrained from action as that injury will befall him if the truth of the act or declaration be denied. *Barron v. Fed. Land Bank of New Orleans*, 182 Miss. 50, 180 So. 74, 77 (1938); *see also In re Eden Associates*, 13 B.R. 578 (Bkrptcy.S.D.N.Y.198) (resting on Mississippi law). The doctrine is inapplicable here, as the bankruptcy court did not find that the debtor's failure to record its "purchase" of the shopping center was "intended to mislead" Mutual Benefit.

stay was explained at length. 749 F.2d 674–75.[3]

We of course do not suggest that a creditor may take action against any of the debtor's property with impunity after bankruptcy is filed. As *Albany Partners* noted, "the important Congressional policy behind the automatic stay demands that courts be especially hesitant to validate acts committed during the pendency of the stay." 749 F.2d 675. Any substantial dispute about whether the property against which a creditor takes action is "property of the debtor's estate" brings into play the automatic stay. A creditor ordinarily runs a serious risk of violating the automatic stay and subjecting itself to damages as well as the nullity of its action, if, in such circumstances, it decides to foreclose and seek an adjudication of title afterward. In this case, however, the creditor did not gamble: it simply did not know of the filing. Moreover, its right to enforce the obligation against Pinetree Plaza notwithstanding Pinetree, Ltd.'s unrecorded deed is crystal clear under Mississippi law. Thus, in the unusual situation that appears before us, we hold that Mutual Benefit became the owner of the property pursuant to its foreclosure sale and that the automatic was annulled as to this foreclosure. We accordingly reverse the judgments of the district and bankruptcy court.

*REVERSED.*

---

**3.** 11 U.S.C. § 362(d) authorizes the bankruptcy court to grant relief such as "annulling" the automatic stay in addition to "terminating" it. *Collier* explains that an order annulling the stay could act retroactively to the date of filing the petition which gave rise to the stay, and could thus validate an action taken by a creditor ignorant of the bankruptcy. *2 Collier on Bankruptcy,* ¶ 362.07, at 362–54 (15th Ed.1988).